UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDDIE JAMES MOULTRIE,

     Plaintiff,

v.                          Case No.:  2:25-cv-169-SPC-KCD

LEON, MEDINA, and ARISTIDE,

     Defendants.
_____/

### OPINION AND ORDER

Before the Court is Plaintiff Eddie James Moultrie's Motion for Reconsideration of Judge's Order (Doc. 10).  Moultrie is a prisoner of the Florida Department of Corrections, and he sued three prison officials over an alleged use of force.  The Court found that Moultrie failed to state a plausible Eighth Amendment claim because the force alleged was *de minimis* and was reasonable under the circumstances described in the complaint.  The Court dismissed the complaint without prejudice and gave Moultrie leave to file an amended complaint.  Moultrie asks the Court to reconsider its decision because of the Opinion and Order to address his claims for deliberate indifference and failure to intervene.  Alternatively, Moultrie asks the Court to certify an interlocutory appeal.

Reconsideration of a prior order is an extraordinary measure that should be applied sparingly. *Adams v. Beoneman*, 335 F.R.D. 452, 454 (M.D. Fla. 2020). Court orders are not intended as first drafts subject to revisions at a litigant's pleasure, so a movant must establish extraordinary circumstances supporting reconsideration. *Gold Cross EMS, Inc. v. Children's Hosp. of Ala.*, 108 F. Supp. 3d 1376, 1384 (S.D. Ga. 2015).

Moultrie presents no extraordinary circumstances to warrant reconsideration. While Moultrie's complaint lists "Excessive Force, "Failure to Protect," "Deliberate Indifference" as separate constitutional rights he claims the defendants violated, his factual allegations do not support the latter two as separate claims. All three defendants participated in the use of force, which consisted of pushing Moultrie to the floor and holding him there until a senior officer ordered them to seat him in a chair. Even if the Court could discern separate claims for failure to protect and deliberate indifference, they would fail. An officer in position to protect a victim from excessive force who fails to do so can be held liable. *Baker v. Cty. of Madison, Ala.*, 67 F.4th 1268, 1281 (11th Cir. 2023). But because Moultrie failed to plausibly plead excessive force, he could not state a claim based on an officer's failure to intervene. *See id.* That is true whether Moultrie characterizes it as a failure-to-protect claim or a deliberate-indifference claim.

The Court declines to certify an interlocutory appeal because there is no "substantial ground for difference of opinion" and an immediate appeal would not "materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(d). If Moultrie believes he can state a plausible failure-to-protect and/or deliberate-indifference claim, he may do so in an amended complaint.

Accordingly, it is

**ORDERED:**

Plaintiff Eddie James Moultrie's Motion for Reconsideration of Judge's Order (Doc. 10) is **denied**. Moultrie may file an amended complaint by **April 10, 2025. Otherwise, the Court will enter judgment and close this case.**

**DONE** and **ORDERED** in Fort Myers, Florida on March 26, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record